# IN THE UNITED STATES DISTRICT COURT

# FOR THE STATE OF NEW MEXICO

MARK JONES,

    Plaintiff,

vs.                                                                                           No. CIV. 98-869 LH/LFG

GENERAL ELECTRIC COMPANY, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment (Docket No. 21), filed March 24, 1999. No response to Defendant's motion has been filed by Plaintiff. The Court, having considered the pleadings, the applicable law, and otherwise being fully advised, finds that Defendant's motion is well taken and shall be **granted.**

### Introduction

On February 27, 1998, Plaintiff Mark Jones filed this action in the state district court, alleging that Defendant wrongfully terminated him from his employment. On July 22, 1998, Defendant removed this matter to this Court. In its motion, Defendant asks this Court to dismiss this action on the grounds that there is no genuine issue of fact in dispute and that Defendant is entitled to judgement as a matter of law. On March 2, 1999, Plaintiff, acting *pro se*, filed for and was granted an extension of time to respond to Defendant's motion. On March 17, 1999, Plaintiff again requested another extension of time to respond, seeking a 30-day extension, until April 17, 1999, to file a

response. Due to the Court's inadvertence, this motion was not addressed before expiration of the extension requested and this Court ultimately allowed Plaintiff to file his response on or before May 21, 1999. Plaintiff has not served Defendant nor has he filed a response with this Court to date, despite the two extensions granted to him. Pursuant to D.N.M.LR- Civ. 7.6(a), a response in opposition to a motion is due within 14 days. Plaintiff's failure to serve and file a response in opposition to any motion "constitutes consent to grant the motion," pursuant to D.N.M.LR-Civ. 7.5(b).

In civil litigation, a citizen is privileged and, indeed, welcome to represent his own interests before the court. A *pro se* litigant is bound, however, to the same rules of practice and procedure that apply to any licensed attorney. The Plaintiff must accordingly fully comply with all rules of practice and procedure, together with all court orders and directives. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). The failure to comply with the rules of procedure or failure to comply with court orders and directives may result in imposition of sanctions, including dismissal of a lawsuit. *See Ehrenhaus v. Reynolds,* 965 F. 2d 916 (10th Cir. 1992). Thus, even where the plaintiff is proceeding *pro se*, under this Court's local rules, a failure to respond to a motion constitutes consent to grant the motion.

**Standard of Review**

Rather than dismiss the case outright, the Court will evaluate the potential merits of Plaintiff's case and of Defendant's motion. Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970). Rule 56 of the Federal Rules of Civil Procedure provides that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 322-323. If the moving party

meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to elements essential to the non-moving party's case. *See* FED. R. CIV. P. 56(e); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Additionally, Rule 56 mandates the entry of summary judgment against a party who fails to sufficiently establish the existence of elements essential to that party's case and who will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

**Discussion**

Defendant makes two arguments in support of summary judgment. (*See* Def.'s Mot. Summ. J. at 1, 5-11.) Defendant first argues that Plaintiff has no cause of action for the tort of wrongful termination (retaliatory discharge) of employment. (*See id.* at 5.) Defendant correctly states that New Mexico's standard of recovery for wrongful discharge is that Plaintiff must demonstrate that he was discharged because he performed acts that public policy has authorized or would encourage, or because he refused to do something required by Defendant that public policy would condemn. *See Garrity v. Overland Sheepskin Co.*, 121 N.M. 710, 714, 917 P.2d 1382, 1386 (1996). However, Plaintiff's two page complaint merely alleges wrongful termination without any detail as to breach of contract or tort theories. Moreover, as Plaintiff has not filed a response to the motion, he has not offered any undisputed facts in support of his claims.

Defendant asserts that the undisputed material facts establish that Plaintiff was terminated from his employment because of excessive absenteeism. (*See* Def.'s Mot. Summ. J. at 2, Ex. A ¶ 3, Ex. 1.) Plaintiff has not provided any evidence nor even plead any facts in his complaint that his termination was in violation of New Mexico public policy. Therefore, the Court must conclude that the undisputed material facts establish that Defendant's termination of Plaintiff was not in violation of New Mexico public policy.

The second argument made by Defendant in support of summary judgment is that Plaintiff has no cause of action for breach of employment contract. (*See* Def.'s Mot. Summ. J. at 7.) Defendant has established that Plaintiff, as a member of the Grand Lodge of International Association of Machinists and Aerospace Workers, Local Lodge No. 794 (the "Union"), had an express employment contract (the "CBA") with Defendant. (*See Id..* at 2, 10, Ex. A ¶¶ 5-6, Ex. 2.) The CBA, Article XXI provides that arbitration procedures shall be the sole method of settling grievances between the parties. (*See Id.* at 10, Ex. A ¶ 9, Ex. 2 Art. XXI.) Additionally, Defendant asserts that this dispute should be governed by the Labor Management Relations Act ("LMRA"), and cites, *Allis-Chamber v. Lueck*, 471 U.S. 202, 220 (1985), in support:

> [W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, *see Avco Corp. v. Aero Lodge* [*No.*] 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), or dismissed as pre-empted by federal labor-contract law.

Defendant argues that before an employee can bring a judicial action for breach of a collective bargaining agreement, the employee must exhaust all available grievance or arbitration remedies in the agreement. (*See* Def.'s Mot. Summ. J. at 9 (*citing DelCostello v. Int. Broth. of Teamsters*, 462 U.S. 151, 163-64 (1983); *Viestenz* v. *Flemming Companies, Inc.*, 681 F.2d 699, 701 (10th Cir. 1982).) Defendant asserts, therefore, that Plaintiff, has no cause of action before this Court because he failed to utilize the arbitration procedures. (*See* Def.'s Mot. Summ. J at 10, Ex. A ¶ 12.) Defendant has shown that the undisputed material facts establish that it followed the CBA procedures for terminating an employee and did not, in fact, breach its contract with Plaintiff. (*See* Def's Mot. Summ. J. at 2, 8-11, Ex. A ¶¶ 11-13, Ex. 2 Art. XXI .) Because Plaintiff has failed to dispute these facts, the Court must conclude that the Plaintiff has no cause of action for breach of the employment contract and that Defendant is entitled to summary judgement.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Summary Judgment (Docket No. 21), is **granted.**

**IT IS FURTHER ORDERED** that this action is dismissed **with prejudice.** A Final Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**